[Civ. No. 34731. Second Dist., Div. Two. Nov. 26, 1969.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
AARON EMANUEL ASLAN, Real Party in Interest.

132

## COUNSEL

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Donald Barnett for Real Party in Interest.

## OPINION

**ALARCON, J. pro tem.**\*—The People have petitioned this court for a writ of mandate to require the respondent superior court to vacate its order granting the motion of the real party in interest to suppress certain evidence made pursuant to Penal Code section 1538.5.

---

\*Assigned by the Chairman of the Judicial Council.

## Facts

Los Angeles Police Officer Harvey Karl Thor received information from two other police officers that a stolen Olivetti calculator had been purchased by Rudy Diaz from the real party in interest, Aaron Emanuel Aslan. It was at a pawn shop on South Main Street known as the Electric Instrument Company. Officer Thor and two other policemen went to the Electric Instrument Company to find out how the stolen Olivetti calculator got into the possession of Mr. Aslan. At the time of the entry into Mr. Aslan's place of business, Officer Thor did not intend to make an arrest since he felt he did not have probable cause to do so.

When asked to explain how the electric calculator got into his possession, Mr. Aslan stated he could not remember because he had so many business dealings. The premises were in a state of disarray. Mr. Aslan explained that this condition was due to the fact he was in the process of moving in.

Officer Thor observed a Remington typewriter sitting on a desk in the portion of the premises open and accessible to the public. Mr. Aslan was asked where it had been obtained. He replied that a friend had brought it in for temporary use. Officer Thor then stepped behind the desk, picked up the typewriter, and looked at the serial number on the machine. He then telephoned the Burglary-Auto Theft Detail and reported the serial number. He was advised that the typewriter was stolen. People's Exhibit No. 3 was a photograph of the Remington typewriter. The respondent trial court granted the real party in interest's motion to suppress Exhibit No. 3.

The People contend that the officer's conduct in picking up and looking at the typewriter did not constitute a search.

## Discussion

In this matter we are not concerned with whether the entry on the premises occupied by Mr. Aslan was lawful.

During the Penal Code section 1538.5 proceedings the defense offered to stipulate that the officers had a right to enter the premises. The typewriter depicted in People's Exhibit No. 3 was in plain view from that portion of the premises lawfully entered. The narrow question before this court is whether the picking up and examining of an object in open and plain view after a lawful entry constituted a search.

In *People v. Roberts,* 47 Cal.2d 374 [303 P.2d 721], the Supreme Court was faced with a similar problem. In *Roberts* the police went to the defendant's apartment to interview him because they believed he might be connected with the burglary of the Wollmer Music Company. The defendant had been seen standing in front of the music company display window

at 10 o'clock at night the day before the premises were burglarized. Subsequently, the police were informed five table model radios had been taken from the music store. The police knocked on the door and then entered the premises because they heard sounds as if a human being were in distress. While looking for the person they thought made the sounds one of the officers noticed a new table model radio in the kitchen. The officer picked up the radio, turned it over and noted the serial number. After the police left the apartment, they ascertained that the serial number of the radio was the same as that of one of the radios taken during the burglary of the music company. A search warrant was obtained on the basis of the information obtained from the viewing of the radio in the defendant's apartment. On appeal, the defendant, in *Roberts,* contended that the information upon which the search warrant was based was obtained as the product of an illegal search of the apartment.

The Supreme Court disposed of this contention as follows: "Applying these principles and distinctions to the facts of the present case we are satisfied that the officers did not act unreasonably or in violation of defendant's constitutional rights. The trial court found on substantial evidence that the entry was lawful for the purpose of rendering aid, hence the officers were justified in entering each room of the apartment to look for someone in distress. The radio was in plain sight, and it fitted the general description of property known to be stolen. Under the circumstances, there appears to be no reason in law or common sense why one of the officers could not pick up the radio and examine it for the purpose of dispelling or confirming his suspicions. The fact that abuses sometimes occur during the course of criminal investigations should not give a sinister coloration to procedures which are basically reasonable." (*People* v. *Roberts,* 47 Cal.2d 374, 380 [303 P.2d 721].)

In the matter before this court, as in *Roberts,* the entry of the officers was lawful. Prior to their entry, the police had probable cause to believe that at least one stolen electric office machine had been sold by the real party in interest. Accordingly, it was reasonable for them to pursue their investigation as to office machines in plain view to determine if there might be other stolen goods on the premises. *Roberts* teaches us that the mere act of picking up and examining the exterior surfaces of an object in open and plain view for identifying marks or numbers does not constitute a search. "The essence of a search is the viewing of that which was not only intended to be private or hidden, but that which was, so far as the one searched is able to do so, made concealed or closed from open viewing." (*People* v. *Holloway,* 230 Cal.App.2d 834, 839 [41 Cal.Rptr. 325].) "A search implies some exploratory investigation or an invasion or quest, a looking for or seeking out for that which is concealed

and that the object searched for has been hidden or intentionally put out of the way." (*People* v. *West,* 144 Cal.App.2d 214, 219 [300 P.2d 729]; *Bielicki* v. *Superior Court,* 57 Cal.2d 602, 605 [21 Cal.Rptr. 552, 371 P.2d 288].) "A search implies a prying into hidden places for something that has been intentionally put out of the way." (*People* v. *Alvarez,* 236 Cal.App.2d 106, 112 [45 Cal.Rptr. 721].) ■ "Things that are openly visible do not require a search for their discovery." (*People* v. *Superior Court,* 266 Cal.App.2d 685, 690 [72 Cal.Rptr. 261].) The Fourth Amendment does not prohibit the seizure of evidence "which is readily visible" and "accessible" to the police (*People* v. *Roberts, supra,* 47 Cal.2d 374, 379).

■ Under the facts of this case there was no search. The typewriter was not intentionally put out of the way or concealed in a private or hidden place. The cover was not on the typewriter when it was first viewed by the officers. Had the serial number been on the surface on top of the typewriter, the officer would have been able to examine it without touching it. The fortuitous circumstance that the serial number was placed in such a manner as to require that the typewriter be moved in order to be read cannot be construed to turn reasonable conduct into misconduct of constitutional dimensions.

It is ordered that the alternative writ be discharged, and a peremptory writ of mandate issue directing the trial court to vacate its order granting the motion to suppress People's exhibit number 3 in the case of *People* v. *Aslan,* No. A 240 750 and to enter a new order denying the motion to suppress.

Fleming, Acting P. J., and Wright, J., concurred.